**Presentment Date &Time:  December 14, 2023 at 4:00 p.m. (ET)**
**Objection Deadline:  December 7, 2023**

Peter S. Partee, Sr. (admission *pro hac vice* pending)
Robert A. Rich
**HUNTON ANDREWS KURTH LLP**
200 Park Avenue
New York, New York 10166
(212) 309-1000
rrich@huntonak.com

Philip M. Guffy
**HUNTON ANDREWS KURTH LLP**
600 Travis Street, Suite 4200
Houston, Texas  77002
(713) 220-4200
pguffy@huntonak.com

*Proposed Counsel for Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| | (Subchapter V) |
| Bon Shen Ling, the Tibetan Bon Education Fund, | |
| | Case No. 23-43985-nhl |
| Debtor. | |

### DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF HUNTON ANDREWS KURTH LLP AS COUNSEL FOR THE DEBTOR EFFECTIVE AS OF THE PETITION DATE

The debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case") hereby applies (the "Application") for entry of an order, the proposed form of which is annexed hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 327(a) and 330 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of New York (the "Local Rules"), authorizing the Debtor's employment and

retention of Hunton Andrews Kurth LLP ("Hunton" or the "Firm") as its counsel in connection with the Chapter 11 Case effective as of the Petition Date (defined below) in accordance with the terms and conditions of that certain engagement letter between the Debtor and Hunton, dated September 27, 2023 (the "Engagement Letter"), a true and complete copy of which is annexed hereto as Exhibit 1 to **Exhibit B**.  In support of the Application, the Debtor relies on the *Declaration of Robert A. Rich in Support of Debtor's Application for Entry of an Order Authorizing the Employment and Retention of Hunton Andrews Kurth LLP as Counsel for the Debtor Effective as of the Petition Date* (the "Rich Declaration"), a true and complete copy of which is annexed hereto as **Exhibit B**.  In further support of the Application, the Debtor respectfully represents as follows:

### I. Background

1. On October 31, 2023 (the "Petition Date"), the Debtor commenced the Chapter 11 Case by filing a petition for relief under chapter 11, subchapter V of the Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of New York (the "Court").  The Debtor is managing its assets as a debtor-in-possession pursuant to section 1184 of the Bankruptcy Code.

2. On November 1, 2023, the United States Trustee appointed Gerard R. Luckman, Esq. as Subchapter V trustee (the "Subchapter V Trustee").

3. No creditors' committee, trustee (other than the Subchapter V Trustee) or examiner has been appointed in the Chapter 11 Case.

4. A description of the Debtor and the reasons for filing the Chapter 11 Case is set forth in the *Declaration of Beth Pursuant to E.D.N.Y. Local Bankruptcy Rule 1007-4* (Dkt. No. 2) (the "First Day Declaration"), which was filed on the Petition Date and is incorporated herein by reference.

## II. Jurisdiction, Venue and Predicates for Relief Requested

5. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. The predicates for the relief requested herein are sections 327(a) and 330 of the Bankruptcy Code, Rules 2014(a) and 2016 of the Bankruptcy Rules, and Rules 2014-1 and 2016-1 of the Local Rules.

## III. Relief Requested and Basis for Relief

7. By this Application, the Debtor seeks entry of an order, in substantially the form as the Proposed Order, authorizing the Debtor to retain and employ Hunton as its counsel, in accordance with the terms and conditions set forth in this Application and in the Rich Declaration, effective as of the Petition Date.

### A. Hunton's Qualifications

8. The Debtor has chosen Hunton as its bankruptcy counsel and desires to employ and retain Hunton as its attorneys for the Chapter 11 Case. The attorneys at Hunton have experience in business bankruptcy cases of all sizes and complexity. Moreover, Hunton is a full service law firm with attorneys experienced in real estate, tax, bankruptcy and restructuring, as well as other areas of law relevant to services required in the Chapter 11 Case.

9. Hunton's attorneys are experienced in the representation of debtors-in-possession, are well versed in the local rules and local practice expectations, and otherwise have the requisite abilities to represent the Debtor properly in this case.

10. Beginning in July 2023, Hunton has represented the Debtor in connection with the events leading up to the Chapter 11 Case, including without limitation, in connection with the preparation for filing the Chapter 11 Case.

B. **<u>Services to be Provided</u>**

11.     The Debtor desires to employ Hunton as bankruptcy counsel because of, among other reasons, the nature of the legal services that will be required in connection with the Chapter 11 Case. To engage alternative counsel at this stage of the Chapter 11 Case would be tremendously disruptive and expensive.

12.     Subject to an order of the Court and consistent with the Engagement Letter (as may be modified by court order), the Debtor requests the employment and retention of Hunton to render legal services to the Debtor, including without limitation:

- a)   advise the Debtor with respect to its powers and duties as debtor-in-possession in the continued management of its assets;

- b)   advise and consult on the conduct of the Chapter 11 Case, including all of the legal and administrative requirements of operating in chapter 11;

- c)   attend meetings and negotiate with representatives of the creditors and other parties in interest;

- d)   take all necessary action to protect and preserve the Debtor's estate, including prosecuting actions on the Debtor's behalf, defending any action commenced against the Debtor and representing the Debtor's interests in negotiations concerning litigation in which the Debtor is involved, including objections to claims filed against the Debtor's estate;

- e)   prepare all motions, applications, answers, orders, reports and papers necessary for the administration of the Debtor's estate;

- f)   take any necessary action on behalf of the Debtor to negotiate, prepare on behalf of the Debtor and obtain approval of a chapter 11 plan and all documents related thereto;

- g)   represent the Debtor in connection with obtaining any potential postpetition financing;

- h)   appear before the Court and any appellate courts and protect the interests of the Debtor's estate before those courts;

- i)   provide non-bankruptcy services to the Debtor to the extent requested by the Debtor;

- j)   consult with the Debtor regarding tax matters; and

    k)  perform all other necessary legal services to the Debtor in connection with the Chapter 11 Case.

13. It is necessary for the Debtor to employ attorneys to render the foregoing professional services. Subject to approval of this Application, Hunton has confirmed its desire and willingness to act in the Chapter 11 Case and render the necessary professional services as attorneys for the Debtor.

  C.  **Terms of the Retention**

14. Pursuant to section 328(a) of the Bankruptcy Code, the Court may approve Hunton's retention on any reasonable terms. Subject to this Court's approval and in accordance with section 330 of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, Hunton will be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that Hunton incurs, in accordance with the ordinary and customary rates which are in effect on the date the services are rendered,[1] subject to discounts that Hunton agreed to provide for the benefit of the Debtor as follows: Robert A. Rich (whose current standard hourly rate is $1,080) shall invoice at the discounted hourly rate of $750 for the duration of the Chapter 11 Case. James Tsimis (whose current standard hourly rate is $790.00) shall invoice at the discounted hourly rate of $650 for the duration of the Chapter 11 Case. Senior Paralegal Constance Andonian (whose current standard hourly rate is $430.00) shall invoice at the discounted hourly rate of $350 for the duration of the Chapter 11 Case. All other Hunton professionals and paraprofessionals shall invoice at a 20% discount from their standard hourly rates.

---

[1] The hourly rates charged by Hunton's professionals and paraprofessionals differ based on, among other things, experience and the rates normally charged in the location of the offices in which such professional is a resident.

15. The current standard and discounted hourly rates and titles of the attorneys and paralegal at Hunton who are expected to have primary responsibility for the representation of the Debtor in the Chapter 11 Case are set forth below:

| Timekeeper | Standard Hourly Rates | Agreed Discounted Rates |
| --- | --- | --- |
| Robert A. Rich<br>Partner | $1,080 | $750 |
| Philip M. Guffy<br>Associate | $880 | $704 |
| James Tsimis<br>Associate | $790 | $650 |
| Constance Andonian<br>Senior Paralegal | $430 | $350 |

16. The Debtor also has agreed to reimburse Hunton, subject to the Court's approval, for all actual out-of-pocket expenses incurred by Hunton on the Debtor's behalf, such as filing fees, document reproduction, long distance telephone and telecopier charges, mail and express mail charges, travel expenses, overnight courier expenses, computer research, expenses for overtime meals, transcription costs, and other disbursements.  The Debtor understands that Hunton will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to other clients of Hunton.  The Debtor also understands that Hunton will make every effort to minimize expenses in the Chapter 11 Case.

17. The Debtor understands that Hunton will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with rendering the legal services described above by category and nature of the services rendered.

18. The Debtor understands that Hunton intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the

Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the U.S. Trustee, and any other applicable procedures or orders of the Court for services performed and expenses incurred after the Petition Date.

19. The Debtor's first payment to Hunton was on September 7, 2023 in the amount of $12,000.00 as an advance payment retainer for prepetition professional fees and expenses charged by Hunton in its representation of the Debtor (the "<u>Advanced Payment Retainer</u>"). Subsequently, the Debtor supplemented the Advance Payment Retainer with a payment of $25,000.00 (for a total of $37,000) on September 29, 2023. The Debtor has made no other payments to Hunton.

20. Hunton has invoiced the Debtor the aggregate amount of $36,007.99 for professional fees and expenses incurred by Hunton during the ninety days prior to the Petition Date.[2] The invoices for legal fees and expenses during the ninety days prior to the Petition Date were paid by deducting the amount of the respective invoice from the Advance Payment Retainer, as shown on the chart included in the Rich Declaration. As of the Petition Date, the Debtor did not owe Hunton any amounts for legal services rendered prior to the Petition Date.

21. Hunton currently holds an Advance Payment Retainer in the amount of $992.01. As stated in the Engagement Letter, in accordance with New York Rule of Professional Conduct 1.5 and as agreed to by the Debtor, the Advance Payment Retainer is earned by and becomes the property of Hunton upon receipt. The Debtor no longer has a property interest in the Advanced Payment Retainer after Hunton's receipt, but hold an account receivable for any unused portion of the Advanced Payment Retainer. *See* N.Y. State Bar Opinion 816 (2007). Hunton will apply the

---

[2] Hunton also invoiced the Debtor on August 21, 2023 in the amount of $20,774.50, however that invoice was waived by agreement prior to the Petition Date.

Advance Payment Retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to Orders of the Court.

        **D.**      <u>**Hunton' Disinterestedness**</u>

22. As set forth in the Rich Declaration, Hunton has in the past represented, currently represents, and likely in the future will represent certain parties in interest in the Chapter 11 Case, but only in matters wholly unrelated to the Debtor, the Chapter 11 Case and such entities' claims against or interests in the Debtor.

23. To the best of the Debtor's knowledge, information and belief, and except as disclosed in the Rich Declaration, (i) Hunton has no connection with the Debtor, its creditors, or any other party with an actual or a potential interest in the Chapter 11 Case; (ii) Hunton is not a creditor, an equity security holder or an insider of the Debtor; (iii) Hunton is not and was not, within two years of the Petition Date, a director, officer or employee of the Debtor; and (iv) Hunton does not hold or represent any interest materially adverse to the Debtor's estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in, the Debtor for any other reason.

24. Accordingly, the Debtor believes that Hunton (i) is a "disinterested person," as that phrase is defined in section 101(14) of the Bankruptcy Code (as modified by section 1107(b) of the Bankruptcy Code), as required by section 327(a) of the Bankruptcy Code and (ii) does not hold or represent an interest adverse to the Debtor's estate.

25. Hunton has informed the Debtor that, as set forth in the Rich Declaration: (i) Hunton has no agreement with any other entity to share any compensation received in the Chapter 11 Case and (ii) unless otherwise disclosed therein no professional at Hunton is related to any United States District Court Judge for the Eastern District of New York, United States Magistrate

Judge for the Eastern District of New York, United States Bankruptcy Court Judge for the Eastern District of New York, the U.S. Trustee, or any key staff members located in the Office of the United States Trustee for the Eastern District of New York.

26. The Debtor's knowledge, information and belief regarding certain of the matters set forth in this Application are based on and made in reliance upon the Rich Declaration. The Debtor understands that Hunton will periodically review its files during the pendency of the Chapter 11 Case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, the Debtor understands that Hunton will use reasonable efforts to identify such further developments and will file promptly a supplemental declaration, as required by Bankruptcy Rule 2014(a).

27. The Debtor submits that the retention and employment of Hunton on the terms and conditions set forth herein, in the Rich Declaration and the Engagement Letter are in the best interests of the Debtor, the Debtor's estate, its creditors and all potential parties in interest. Hunton is well qualified to perform as general bankruptcy counsel as described above, and the Debtor knows of no reason why Hunton should not be retained as its attorneys in the Chapter 11 Case.

### IV. <u>Notice</u>

28. Notice of this Application will be provided to: (i) the U.S. Trustee; (ii) the Subchapter V Trustee; (iii) the creditors holding the twenty (20) largest unsecured claims against the Debtor's estate other than insiders, as identified in the Debtor's chapter 11 petition; (iv) the United States Attorney's Office for the Eastern District of New York; (v) the Internal Revenue Service; (vi) the New York State Office of the Attorney General; (vii) the Pennsylvania Office of the Attorney General; and (viii) all parties that have filed a notice of appearance or have requested service in the Chapter 11 Case. In light of the nature of the relief requested herein and the potential

harm to the Debtor's estate if the relief requested herein is not granted, the Debtor respectfully submits that no other or further notice need be provided.

### V. No Prior Request

29. No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court (i) enter an order, substantially in the form of the Proposed Order, granting the relief requested herein and (ii) grant to the Debtor such other and further relief as the Court may deem just or proper.

Dated: November 20, 2023
New York, New York

Respectfully submitted,

BON SHEN LING, THE TIBETAN BON
EDUCATION FUND

By: */s/ Beth Siegert*
NAME: Beth Siegert
ITS: Treasurer